```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION
```

JOSEPH LEE MURPHY, # 267575,    *
                                *
    Plaintiff,                  *
                                *
vs.                             *  CIVIL ACTION NO. 24-00018-JB-B
                                *
OFFICER KOPPS,                  *
                                *
    Defendant.                  *

## REPORT AND RECOMMENDATION

Plaintiff Joseph Lee Murphy, an Alabama state prison inmate confined at Bullock Correction Facility, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1).[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). The undersigned has conducted an initial review of Murphy's complaint pursuant to 28 U.S.C. § 1915A, which requires courts to perform a screening review of any civil complaint filed by a prisoner against a government official. See 28 U.S.C. § 1915A(a). After review, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama, Northern Division.

Murphy's complaint lists Officer Kopps, a correctional officer at Staton Correctional Facility, as the Defendant in this

---

[1] When he initiated this action, Murphy did not pay the filing fee and did not file a motion to proceed without prepayment of fees.

action. Murphy alleges that on June 1, 2023, and July 1, 2023, while incarcerated at Staton Correctional Facility, that "multiple inmates" assaulted him "due to the negligence of Officer Kopps." (Doc. 1 at 4). Murphy does not provide any additional factual support for his claim,[2] and there is nothing in his complaint that demonstrates any connection to the Southern District of Alabama.

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying § 1391(b)'s venue provisions to a § 1983 action).

When venue is not proper in the district of filing, a district court must dismiss, or if it is in the interest of justice, transfer the action to any district in which it could have been

---

[2] Murphy attached to his complaint an inmate request slip which reflects that his request for "the incident report from Stanton" was denied. (See Doc. 1-1 at 2).

brought.  28 U.S.C. § 1406(a); see Kapordelis v. Danzig, 387 F. App'x 905, 906-07 (11th Cir. 2010) (per curiam) (affirming *sua sponte* transfer of a Bivens action from New York to Georgia pursuant to § 1406(a)).  "The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it."  Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc., 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009).

In this action, Murphy alleges that while confined at Staton Correctional Facility, Defendant Officer Kopps, a prison official at that facility, negligently allowed other inmates to assault him, and he was injured as a result. (Doc. 1 at 5).  The Court takes judicial notice of the fact that Staton Correctional Facility is located in Elmore County, Alabama, which lies within the Middle District of Alabama, Northern Division.  See 28 U.S.C. § 81(b)(1). Murphy does not allege that Officer Kopps resides in the Southern District of Alabama, and none of the events or omissions giving rise to Murphy's complaint are alleged to have occurred in this district.  Thus, venue is lacking; however, venue appears to be proper in the Middle District of Alabama, Northern Division.

Considering Murphy's *pro se* status, it is **RECOMMENDED**, in the interest of justice, that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1406(a).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **January, 2024.**

                                                  **/s/ SONJA F. BIVINS**
                                       **UNITED STATES MAGISTRATE JUDGE**